IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:

    Terry Glen Williams and )
    Joan Kathleen Williams, )
                                )   Case No. 09-12665-NLJ
    Debtors. )   Chapter 13

## AMENDED
## CHAPTER 13 PLAN

    COME NOW the Debtors and hereby submit their "AMENDED CHAPTER 13 PLAN." The proposed plan as amended modifies paragraphs 1 and 6 of the original plan. Paragraph 1 is amended to reflect a new payment amount of $193.00 for per month for the 60 month plan.

    Paragraph 6 of the plan is amended to reflect that the GMAC loan will be paid in full under the 60 month plan instead of the 38 month plan as originally proposed.

1.    <u>PLAN PAYMENTS</u>: Debtors propose to pay $193.00 monthly for a period of sixty (60) months. Payments into the Plan total Eleven Thousand Five Hundred eighty and 00/100 Dollars ($11,580.00).

2.    <u>DEBTORS' ATTORNEY FEES</u>: Debtors have paid Two Thousand Dollars ($2,000.00) in attorney fees. Debtors will pay the additional sum of Five Hundred Dollars ($500.00) through the Plan for a total attorney fee of Two Thousand Five Hundred Dollars ($2,500.00). Debtors' remaining attorney fees will be paid through the Plan at the rate of Ninety six dollars ($96.00) per month.

3.    <u>SUPPORT OBLIGATIONS</u>: The Debtors presently have no support obligations.

4.    <u>PRIORITY CLAIMS</u>:    The Debtors have no priority obligations.

5.    <u>SECURED CLAIM/FIRST MORTGAGE</u>: Debtors have a first mortgage in favor of Universal Mortgage Corporation. The balance owed is approximately $30,000.00 and calls for a monthly payment of $372.00. The payments on this loan are current and Debtors intend to continue to make those payments outside of the plan. The mortgage debt will be satisfied during the projected 60 month term of the plan.

6.    <u>SECURED CLAIM/2006 MALIBU</u>: The Debtors currently have a car loan in favor of GMAC that is secured by a 2006 Malibu, with an approximate balance owed on this loan of $11,000.00. Said loan is fully secured and has an interest rate of 0%. Loan payments are due on the 19th of each month. Monthly pro rata payments are to be made through Debtors' plan, and the loan amount is to be paid in full under the plan.

7. <u>UNSECURED CLAIMS/STUDENT LOANS</u>:

    A). Debtor has a Sallie Mae student loan in the approximate amount of $26,000.00. Debtor currently prays this loan at the rate of $202.50 per month. Debtor anticipates continuing to pay this loan outside of the plan. This loan obligation will not be satisfied during the next 60 months.

    B). Debtor has an additional student loan with the U.S. Department of Education with an approximate balance of $24,000.00. Debtor is currently paying this loan at the rate of $97.06 per month. Debtor anticipates continuing to pay this loan outside the plan. This loan will not be paid off during the next 60 months.

8    <u>OTHER UNSECURED CLAIMS</u>: To the extent Debtors' other unsecured claims are paid, they will be paid through the plan; however, debtors' means test reflects debtors do not have sufficient monthly disposable income to pay unsecured creditors. Accordingly, such creditors will only receive payments from debtors' unexpected income (such as income tax refunds) during the life of the plan. Unsecured claims shall not draw interest, but shall be fully discharged upon completion of the plan.

9.    <u>EXECUTORY CONTRACTS</u>: The Debtors have no executory contracts.

10.    <u>REVESTMENT</u>: Upon the confirmation of the Plan, all property of the estate shall vest in the Debtors pursuant to 11 U.S.C. § 1327. Debtors shall remain in possession of all property of the estate during the pendency of this case unless specifically provided hereinafter.

11    <u>LIENS</u>: All lien holders (whether by security agreement, judgment or otherwise) shall retain their lien on the encumbered property to the extent their claims are treated under the Plan as allowed secured claims until such time as the payments called for by the Plan are paid. Upon completion of the Plan and full payment of the "allowed secured" amount, such liens shall be voided and the Debtors shall retain the property free and clear of said liens, and the lien holders shall immediately release said liens upon the property.

| | |
|---|---|
| 08/13/2009 | S/Terry Williams |
| Date | Terry Williams, Debtor |
| | |
| | S/Joan Williams |
| | Joan Williams, Joint Debtor |

S/Walter Gaidaroff
WALTER GAIDAROFF (OBA #3199)
1900 S. Broadway
Edmond, Oklahoma 73013
Telephone: (405) 341-6551
FAX: (405) 340-6966
Attorney for Debtors

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was mailed this 13 day of August, 2009, with sufficient postage thereon to the persons listed below:

| | | |
|---|---|---|
| John Hardeman, Trustee<br>PO Box 1948<br>Oklahoma City, OK 73101 | Herbert Graves<br>Assistant United States Trustee<br>215 Dean A. McGee, Fourth Floor<br>Oklahoma City, OK 73102 | GMAC<br>Payment Processing Center<br>PO Box 78234<br>Phoenix, AZ 85062-8234 |

s/Walter Gaidaroff
Walter Gaidaroff